**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>MIDWEST GENERATION, LLC, *et al.*,[1]<br><br>　　　　　　　Debtors. | ) Chapter 11<br>) Case No. 12-49218 (JPC)<br>) (Jointly Administered)<br>)<br>) Hon. Jacqueline P. Cox<br>) Hearing Date: January 31, 2019<br>) Hearing Time: 9:30 a.m. |

**NOTICE OF NRG'S MOTION FOR ORDER AND FINAL DECREE CLOSING**
**CERTAIN CHAPTER 11 CASES**

　　**PLEASE TAKE NOTICE** that on **Thursday January 31, 2019, at 9:30 a.m.** (Central Time) or as soon thereafter as counsel may be heard, NRG Energy Holdings Inc. and the Post-Effective Date Debtor Subsidiaries[2], will appear before the Honorable Jacqueline P. Cox or any other judge who may be sitting in her place and stead, in Courtroom 680 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the attached *Motion for Order And Final Decree Closing Certain Cases* (the "Motion").

　　**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed with the Court, and served so as to be actually received by each of the following entities, by **January 24, 2019**: (a) counsel to NRG; and (b) the Office of the U.S. Trustee for the Northern District of Illinois.

Date: January 9, 2019　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By: */s/ Jeremy C. Kleinman*
　　　　　　　　　　　　　　　　　　Jeremy C. Kleinman (IL No. 6270080)
　　　　　　　　　　　　　　　　　　FrankGecker LLP
　　　　　　　　　　　　　　　　　　1327 W. Washington Blvd., Suite 5 G-H
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60607
　　　　　　　　　　　　　　　　　　Telephone: (312) 276-1400
　　　　　　　　　　　　　　　　　　Facsimile: (312) 276-0036
　　　　　　　　　　　　　　　　　　*jkleinman@fgllp.com*

　　　　　　　　　　　　　　　　　　and

　　　　　　　　　　　　　　　　　　C. Luckey McDowell (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Ian E. Roberts (admitted *pro hac vice*)

---

[1] The remaining Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Midwest Holdings Co. (6553); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558).

[2] Capitalized terms used but not otherwise defined in this Limited Objection have the meanings given in the Plan or the Motion, as applicable.

{NRG/001/00055719.DOCX/}

Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone:  214.953.6500
Facsimile:   214.953.6503
Email: *luckey.mcdowell@bakerbotts.com*
*ian.roberts@bakerbotts.com*

Counsel to NRG Energy Holdings Inc. and the Post-Effective Date Debtor Subsidiaries

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 12-49218 (JPC) |
| MIDWEST GENERATION, LLC, *et al.*,[1] | ) (Jointly Administered) |
| Debtors. | ) Hon. Jacqueline P. Cox |

### MOTION FOR ORDER AND FINAL DECREE
### CLOSING CERTAIN CHAPTER 11 CASES

NRG Energy Holdings Inc. and the Post-Effective Date Debtor Subsidiaries[2] (collectively, "NRG") files this *Motion for Order and Final Decree Closing Certain Chapter 11 Cases* (the "Motion") pursuant to 11 U.S.C. §§ 105(a) and 350(a) and Fed. R. Bankr. P. 3022 and respectfully asks the Court for an order and final decree closing two of the three bankruptcy cases that are currently still open. In support of the Motion, NRG represents as follows:

### PRELIMINARY STATEMENT

1.   The bankruptcy cases have been almost entirely administered, and NRG seeks entry of a final decree to close two of three remaining cases. One case will remain open to administer the sole remaining issue – allowance of contested claims of Commonwealth Edison Company (the "ComEd Claims"), which are scheduled for trial in April 2019. Closing these two cases will avoid administrative costs and will minimize confusion that continues to arise when NRG lenders and counterparties inquire about whether these two reorganized entities remain in bankruptcy.

---

[1] The remaining Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Edison Mission Midwest Holdings Co. (6553); Midwest Generation EME, LLC (1760); Midwest Generation, LLC (8558).

[2] Capitalized terms used but not otherwise defined in this Limited Objection have the meanings given in the Plan or the Motion, as applicable.

{NRG/001/00055719.DOCX/}

2. This motion will have no effect on any obligations under the Plan in favor of creditors; NRG and the Reorganized Debtors will continue to be obligated to pay Commonwealth Edison Company ("ComEd") on account of its allowed claims in accordance with the Plan.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On December 17, 2012 (the "Petition Date"), Edison Mission Energy ("EME") and seventeen of its subsidiaries (collectively, the "EME Debtors") filed petitions with this Court under chapter 11 of the Bankruptcy Code. On May 2, 2013, three additional Debtors filed petitions with this Court under chapter 11 of the Bankruptcy Code (the "2013 Debtors" and, together with the EME Debtors, the "Debtors").

6. On March 11, 2014, the Court entered an order [Docket No. 2206] confirming the *Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (with Technical Modifications)* [Docket No. 2201] (the "Plan").

7. On April 1, 2014, the Plan became effective and NRG consummated the purchase of substantially all of EME's assets pursuant to the Asset Purchase Agreement dated October 18, 2013, between EME and NRG (the "APA"), the Plan, and the Confirmation Order, as provided for in Article IV.B of the Plan. In addition to acquiring the equity interests of certain of EME's

subsidiaries, NRG assumed certain liabilities pursuant and subject to the terms of the APA and Plan, including the responsibility for resolving and paying certain Allowed Claims, as further described in sections 1.6 and 1.7 of the APA and Article III of the Plan.

8. On December 22, 2016, the Court entered an order closing seven of the Debtors' cases, including the lead case of Edison Mission Energy (Case No. 12-49219). *See* Docket No. 2678. As a result, the lead case name was changed to Midwest Generation, LLC (Case No. 12-49218).

9. All allowed claims in these bankruptcy cases have been fully administered and paid in accordance with the Plan. NRG filed objections to the ComEd Claims on April 25, 2018, and a trial on the claim objections is scheduled for April 10 and 11, 2019. *See* Docket No. 28.

**RELIEF REQUESTED**

10. NRG requests that this Court enter an order and final decree (i) closing the cases of Midwest Generation, LLC (Case No. 12-49218) and Midwest Generation EME, LLC (Case No. 12-49228) (the "Designated Cases"), and (ii) designating the case of Edison Mission Midwest Holdings Co. (Case 12-49226) as the sole remaining open case.

11. The proposed caption and case for filing all remaining documents and pleadings will be as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EDISON MISSION MIDWEST HOLDINGS CO. | ) Case No. 12-49226 (JPC) |
| | ) |
| Debtor. | ) |

**BASIS FOR RELIEF**

12. As a routine practice, NRG is required to make representations to lenders and financial counterparties regarding the solvency and absence of a bankruptcy in respect of itself and its subsidiaries. This includes formal certifications and informal communications in respect of financial covenants and reporting obligations. To be clear, all of the Debtors acquired by NRG emerged from bankruptcy protection on the effective date of the Plan, and therefore the representations have been accurate and truthful. However, confusion among counterparties and lender groups arises from time to time, and closing these two cases will minimize potential confusion regarding the extent to which these subsidiaries of NRG remain "in bankruptcy."

13. Bankruptcy Code section 350(a) provides that the Court shall close a case after the estate has been fully administered. 11 U.S.C. § 350(a). In addition, the Bankruptcy Rules provide that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Furthermore, section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

14. There is no definition of "fully administered" in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, and courts have resisted application of a strict standard. *See In re Wade*, 991 F.2d 402, 407, n.2 (7th Cir. 1993) (recognizing that "the meaning of full administration as used in section 350(a) is not clear" and that the timing of closing is a "nebulous concept"). However, the Advisory Committee Note to Fed. R. Bankr. P. 3022 provides some guidance for the Court. *See Shotkoski v. Fokkena (In re Shotkoski)*, 420 B.R. 479, 483 (B.A.P. 8th Cir. 2009); *In re Union Home & Indust., Inc.*, 375 B.R. 912, 916–17 (B.A.P. 10th Cir. 2007) (noting that the court also must consider case-specific, procedural, and practical factors in the exercise of its

discretion under Fed. R. Bankr. P. 3022); *Weaver v. Tex. Capital Bank (In re SL Mgmt., LLC)*, No. 09-04254 (Bankr. N.D. Tex. Mar. 30, 2010) (noting that the Advisory Committee Note does not require that all claims be paid before a case is considered "fully administered").

15.     The Advisory Committee Note to Fed. R. Bankr. P. 3022 lists certain factors that may—among other case-specific and practical factors to be considered by the court in its discretion—be helpful to determine whether a case has been fully administered, including

- whether property proposed by the plan of reorganization to be transferred has in fact been transferred;

- whether the debtor has assumed the business addressed by the plan of reorganization; and

- whether payments under the plan of reorganization have commenced.

*See* Fed. R. Bankr. P. 3022, Advisory Committee Notes (1991); *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 265 (Bankr. N.D. Ill. 1998).

16.     Importantly, Rule 3022 is intended to provide courts a flexible standard for determining whether an estate is fully administered, and the determination is based on a case-by-case basis. *See In re Union Home & Indust.*, 375 B.R. at 917 ("The factors listed in the Advisory [Committee] Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."). Furthermore, the mere possibility that the court's jurisdiction may be invoked in the future does not mean that the court should keep the case open.

17.     Here, closing the two cases is appropriate and warranted under the circumstances. The Plan transactions were consummated on April 1, 2014, and property to be transferred under the Plan has been fully completed. Second, NRG continues to perform its obligations under the Plan and APA and has otherwise assumed the business addressed by the Plan. Additionally, all

claims against the Debtors have been satisfied or otherwise resolved, with the sole exception of the ComEd Claims.

18.   Pursuant to the Plan, NRG or the applicable Post-Effective Date Debtor Subsidiary has assumed any and all liability for the allowed amount of ComEd's Claim Nos. 1296-1299, 1300-1303, and 2055-64 (the "ComEd Claims") against Midwest Generation, LLC. Closing these two cases, as the Court has done for other Debtor cases previously, will not impact ComEd's rights for payment of the allowed amount of the ComEd Claims.

### NOTICE

19.   In accordance with Local Bankruptcy Rule 3022-1, NRG has provided at least 21 days' notice of this Motion to the U.S. Trustee, counsel to ComEd, and all other parties who will receive notice via CM/ECF, which NRG submits is reasonable under the circumstances.

*[Remainder of page intentionally left blank.]*

WHEREFORE, for the reasons stated, NRG Energy Holdings and the Post-Effective Date Debtor Subsidiaries respectfully request that this Court enter an Order and Final Decree closing the Designated Cases, and grant such other and further relief as the Court deems just and proper.

Date: January 9, 2019

Respectfully submitted,

By: /s/ Jeremy C. Kleinman
Jeremy C. Kleinman (IL No. 6270080)
FRANKGECKER LLP
1327 W. Washington Blvd., Suite 5 G-H
Chicago, Illinois 60607
Phone: (312) 276-1400
Fax: (312) 276-0035
jkleinman@fgllp.com

and

C. Luckey McDowell (admitted *pro hac vice*)
Ian E. Roberts (admitted *pro hac vice*)
Baker Botts L.L.P.
2001 Ross Avenue
Dallas, Texas 75201
Telephone:    214.953.6500
Facsimile:    214.953.6503
Email: *luckey.mcdowell@bakerbotts.com*
          *ian.roberts@bakerbotts.com*

Counsel to NRG Energy Holdings Inc. and the Post-Effective Date Debtor Subsidiaries

## Certificate of Service

I certify that on January 9, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Illinois.

/s/ Jeremy C. Kleinman

Mailing Information for Case 12-49218

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- David A Agay    dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com
- Shara C Cornell    scornell@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;lburrell@mcdonaldhopkins.com
- Jeremy C Kleinman    jkleinman@fgllp.com, mmatlock@fgllp.com;csmith@fgllp.com;csucic@fgllp.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Lauren Newman    lnewman@thompsoncoburn.com, chicagodocketing@thompsoncoburn.com;aversis@thompsoncoburn.com;bray@thompsoncoburn.com;cvasquez@thompsoncoburn.com
- David R Seligman    dseligman@kirkland.com, gregory.pesce@kirkland.com;gerardo.mijaresshafai@kirkland.com
- Catherine L Steege    csteege@jenner.com, docketing@jenner.com
- David C Wise    dcw@wmklawfirm.com, as@wmklawfirm.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Chad L Barton
Baker Botts LLP
2001 Ross Avenue
11th Floor
Dallas, TX 75201

Corre Opportunities Fund, LP
1370 Avenue of the Americas
29th Floor
New York, NY 10019

Richard B Harper
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112-4498

Mysha Lubke
Baker Botts
98 San Jacinto Blvd
Suite 1500
Austin, TX 78701